Keeler v. Elston.

D. KEELER, PLAINTIFF IN ERROR, V. GEORGE W. ELSTON, DEFENDANT IN ERROR.

1. **Jurisdiction:** FOREIGN JUDGMENT. The judgment of a state court duly authenticated as prescribed by law, where there is jurisdiction, is conclusive as an adjudication upon the subject-matter of the suit.

2. ——: ——: FRAUD. But fraud perpetrated in securing such judgment, and by which it was obtained, would be a good defense to an action thereon if properly pleaded in the answer, and the decision of an inferior court overruling a demurrer thereto will be affirmed.

ERROR to the district court for Platte county. Tried below before POST, J.

*McAllister Brothers,* for plaintiff in error.

1. This judgment cannot be attacked in a collateral proceeding. *Millard v. Marmon,* 7 N. E. Rep., 468. *Willis v. Bayles,* 5 N. E. Rep., 8. *Lawrey v. Howard,* 3 N. E. Rep., 124. *Bryant v. Estabrook,* 16 Neb., 217. *Pettiford v. Zoellner,* 8 N. W. Rep., 57. *Hall v. Durham,* 9 N. E. Rep., 926. A judgment can only be thus attacked for want of jurisdiction.

2. Fraud is no defense to an action on a judgment of a sister state. *Mills v. Duryee,* 7 Cranch, 481. *Christmas v. Russell,* 5 Wallace, 291. *Rea v. Hulbert,* 17 Ill., 572. *Union Trust Co. v. Rochester & P. Ry. Co.,* 29 Federal Rep., 609. 28 Id., 36.

*George G. Bowman,* for defendant in error, cited: *Dobson v. Pearce,* 12 N. Y., 156. *Davis v. Headley,* 22 N. J. Eq., 115. *Doughty v. Doughty,* 27 Id., 315.

REESE, J.

This action was originally commenced in the county court of Platte county. It was founded upon a judgment

rendered in favor of plaintiff and against defendant by the district court of Dodge county, Minnesota, in an action then pending between the parties.

In the second count of defendant's answer filed in the county court, it is alleged as a defense that the judgment of the Minnesota court was obtained by fraud, that the action was founded upon a promissory note which had been paid. It is averred that the action was commenced and service had upon defendant while he was temporarily visiting that state, but that after service of process he called the attention of plaintiff to the fact of payment previously made and the circumstances accompanying such payment, whereupon plaintiff admitted the payment, and upon investigation he was satisfied that he had no cause of action against defendant. That plaintiff then promised and agreed "to go at once and dismiss said action, and that he would not further prosecute the same, and that defendant need not employ an attorney nor pay any further attention to it. Thereupon defendant, relying upon such promise and agreement, and believing that said action would be dismissed at once by said plaintiff" returned to his home in Nebraska, and failed to appear and defend said action. "That plaintiff in violation of his promise and agreement did not dismiss the action, but fraudulently and without the knowledge of defendant procured the rendition of the judgment." Plaintiff demurred to this count of the answer, as not stating a defense. The county court overruled the demurrer, and plaintiff refusing to plead further, the cause was dismissed. The cause was then removed to the district court by proceedings in error, where the judgment of the county court was affirmed. For the purpose of obtaining a review of that judgment, plaintiff prosecutes error here.

As is shown by the foregoing, the only question presented is, can a judgment be successfully attacked in this collateral way, upon the ground that it was obtained by

the fraudulent acts of plaintiff? So far as its effects upon the judgment are concerned, there is a wide difference between fraud, which may be a defense to the action in the first instance, and fraud practiced in procuring the judgment. The well-established doctrine that fraud vitiates everything into which it enters, may as well be applied to a judgment as to a contract, provided the fraudulent act is so connected with obtaining the judgment as to enter into it or form the basis upon which it stands, and by which it was procured. If it can be applied only to the cause of action, then the rendition of the judgment, where there is jurisdiction of the person of the defendant, is an adjudication thereon, and must have the same effect as an adjudication upon any other defense which might be pleaded. But such is not the case where the fraudulent act is alleged to be in procuring the judgment without any reference to the defenses which might be pleaded in the formation of the issues prior to trial.

This question was before this court and discussed in *Eaton v. Hasty*, 6 Neb., 419, and was decided adversely to plaintiff in error. In that case, after referring to *Fermor's Case*, 3 Coke, 77 ; *Hoitt v. Holcomb*, 3 Foster, 554 ; *Burden v. Fitch*, 15 John., 145; *Lawrence v. Jarvis*, 32 Ill., 310 ; *Shelton v. Tiffin*, 6 Howard, 186, in referring to the provisions of the act of congress of May 26, 1790, which provides that full faith and credit shall be given to judgments, judicial records, etc., Judge Gantt, in writing the opinion, says that the rule seems to be well settled that the judgment of a state court authenticated as required by law " is conclusive upon the merits or subject-matter of the suit; but that does not exclude such defenses as inquire into the jurisdiction of the court in which it was pronounced * * * * or to plead as a defense to an action upon such judgment, a release, payment, or limitation by common law prescription, or statute, or fraud in obtaining the judgment." See also *Holt v. Alloway*, 2 Blackf., 108.

A number of authorities might be cited sustaining this view, but as we are entirely satisfied with the holding in the foregoing case, we will adhere to it without discussing the authorities cited by plaintiff in error.

As the allegations of the answer presented facts sufficient to constitute a defense to the action, the decision of the county court in overruling the demurrer, and that of the district court in affirming the judgment, were correct. The judgment of the district court in dismissing the petition in error is affirmed.

JUDGMENT ACCORDINGLY.

THE other judges concur.