SORENSON, Respondent, v. SPENCE, Appellant.

(272 N. W. 179)

(File No. 7991. Opinion filed March 29, 1937)

*Caldwell & Burns*, of Sioux Falls, for Appellant.

*Philo Hall*, of Brookings, for Respondent.

RUDOLPH, P. J.   This case is here on a demurrer to the complaint.   The complaint alleges that on the 30th day of October, 1929, the district court of Adams county, Neb., rendered a judgment and decree divorcing the plaintiff from the defendant; that prior to the entry of the decree of divorce, the plaintiff and defendant had entered into an agreement whereby it was agreed that the defendant would pay to the plaintiff the sum of $30 per month for the support and maintenance of the children, the care and custody of which were awarded to the plaintiff.   The decree entered by the Nebraska court set out in full the agreement of the parties, and then, among other things, ordered that the defendant pay to the plaintiff the sum of $30 per month commencing on November 1, 1929.   The complaint then alleges that, since the entry of the decree by the Nebraska court, both the plaintiff and defendant have become residents of this state, and that both have remarried; that the defendant is gainfully employed and able to comply with the decree of the Nebraska court upon which there was accrued and unpaid at the time of the filing of the complaint the sum of $1,860; "that there has never been any modification of said judgment and decree and that the same is in full force and effect." There is the further allegation of the need of the plaintiff and her children for the money due under the Nebraska decree, and then the prayer of the complaint which is, in part, as follows: "Wherefore, plaintiff prays that judgment, decree and order of this Court that the said judgment and decree rendered by the District Court of Adams County, Nebraska, on October 30, 1929, be confirmed and made the judgment and decree of this court, and that the same be fully enforced against this defendant in accordance with the provisions thereof. * * *" The trial court overruled defendant's demurrer to the complaint, and this is an appeal from that order.

The respondent here first contends that the judgment and decree of the Nebraska court, in so far as it relates to the payment of the $30 a month to the plaintiff by the defendant, comes within the meaning of article 4, § 1, the full faith and credit clause of

the Constitution of the United States, and therefor should be recognized and enforced in South Dakota.

The application of the full faith and credit clause of the Constitution to foreign judgments similar to the judgment of the Nebraska court was fully discussed and decided by the United States Supreme Court in the case of Sistare v. Sistare, 218 U. S. 1, 30 S. Ct. 682, 686, 54 L. Ed. 905, 28 L. R. A. (N. S.) 1068, 20 Ann. Cas. 1061, wherein the court said: "First, that, generally speaking, where a decree is rendered for alimony and is made payable in future instalments, the right to such instalments becomes absolute and vested upon becoming due, and is therefore protected by the full faith and credit clause, provided no modification of the decree has been made prior to the maturity of the instalments, since, as declared in the Barber Case [21 How. 582, 16 L. Ed. 226], 'alimony decreed to a wife in a divorce of separation from bed and board is as much a debt of record, until the decree has been recalled, as any other judgment for money is.' Second, that this general rule, however, does not obtain where, by the law of the state in which a judgment for future alimony is rendered, the right to demand and receive such future alimony is discretionary with the court which rendered the decree, to such an extent that no absolute or vested right attaches to receive the instalments ordered by the decree to be paid, even although no application to annul or modify the decree in respect to alimony had been made prior to the instalments becoming due."

However, entirely apart from the mandate of the Federal Constitution, this court is of the opinion that sound public policy and reasonable grounds of comity require that we give effect in this state to the Nebraska decree, as hereinafter set forth. This opinion and conclusion renders unnecessary any discussion concerning the extent to which we are required to recognize the Nebraska decree under the Federal Constitution. We give effect to the Nebraska decree in such manner that the requirements of the Federal Constitution are fully met, if such recognition exceeds the requirement of that document, no federal question is involved, and no discussion thereof is necessary.

The question presented is whether a court in this state, in the exercise of equitable powers, can make the judgment of the Ne-

braska court the basis for a decree of a court in this state, apart from and independent of enforcing the Nebraska decree as such under the full faith and credit clause of the Constitution. On this question there is a division among the courts of the different states. Massachusetts has refused to give effect to foreign judgments of this character unless final and not subject to modification by the court which rendered the decree. Weidman v. Weidman, 274 Mass. 118, 174 N. E. 206, 76 A. L. R. 1359. However, it should be noted that obligations similar to those involved in the foreign judgment in the Weidman Case, were not recognized in Massachusetts, and were unknown to the law of that state. This is not true with regard to the obligations imposed by the Nebraska decree, in this state. Michigan has apparently refused to give effect to such judgments unless they are not subject to modification and final within the meaning of the full faith and credit clause, and even if the judgment is final and entitled to the benefit of the constitutional provision, does not extend to such judgment equitable means of enforcement. Mayer v. Mayer, 154 Mich. 386, 117 N. W. 890, 19 L. R. A. (N. S.) 245, 129 Am. St. Rep. 477. More recent decisions in other states adopt a view opposed to that expressed by the Michigan and Massachusetts courts. See Cousineau v. Cousineau (Or.) 63 P. (2d) 897, 904; Ostrander v. Ostrander, 190 Minn. 547, 252 N. W. 449, 450; Fanchier v. Gammill, 148 Miss. 723, 114 So. 813; Creager v. Superior Court, 126 Cal. App. 280, 14 P. (2d) 552; Shibley v. Shibley, 181 Wash. 166, 42 P. (2d) 446, 97 A. L. R. 1191. In the Ostrander Case the Minnesota court gave effect to a judgment of a court of this state in the same manner that we are now asked to give effect to the Nebraska judgment. In that case the Minnesota court said: "The decree ordered below is distinctly one ordering the payment of alimony to a divorced wife. It is just as much a need here of society and justice that such alimony be paid, as it was in South Dakota, when the original decree was entered. Defendant's duty to plaintiff was fixed originally by the South Dakota decree. In neither ethical nor legal quality would his obligation be otherwise had it been imposed by a Minnesota judgment. The only difference is that such a judgment would be directly enforceable against him without the preliminary process of another for its enforcement.

The present action is of the latter nature. Its purpose is to get a local judgment, not strictly for the enforcement here of the South Dakota judgment, but that, because of that decree, the duty shall be binding upon defendant here as well as in South Dakota. The mandate enforced locally will be that of our own court. Only in that secondary sense does the court of one state, by its own process, enforce the judgment of another state."

Referring to the California case above cited, we point out that we have a statutory provision similar to that in California relied upon in the Creager Case. Section 2719, Rev. Code 1919, provides as follows: "* * * judicial proceedings * * * shall have such faith and credit given to them in every court within this state as they have by law or usage in the court from which they are taken."

In the Cousineau Case the Oregon court said: "The public policy of this state has no sympathy for those who seek to shirk the duty imposed by decrees directing the payment of support money."

Without further discussing the cases above cited, we state that after careful consideration thereof we are impressed with the soundness of the views therein expressed.

In the Restatement of Conflict of Laws, in the comment to section 458 is found the following statement of a generally accepted rule: "The duty of support is imposed by a state as an enforcement of its own public policy." While it is true that under the full faith and credit clause of the Constitution "a judgment or decree for alimony, rendered in another state, will be enforced only to the amount already accrued and due and only if the court which rendered the judgment has no power to modify the amount already accrued," which is the comment to section 435 of the Restatement of Conflicts, nevertheless, the duty to support being imposed as an enforcement of our own public policy, we believe that in furtherance of that public policy we should under our law permit the Nebraska decree to be made the basis for a decree in this state, apart from any mandate in the Federal Constitution, the parties involved being all residents of this state, and within the purview of the public policy of this state.

Unless it is shown, therefore, that the Nebraska decree has been modified by the courts of Nebraska, this court will permit

that decree to be the basis for a decree in this state. The South Dakota decree being one for support is entitled to be enforced by all of the means at the command of the court for the enforcement of such decrees.

The order appealed from is affirmed.

All the Judges concur.