STATE ex rel. SCOTT, Appellant, v. ROONEY, Respondent.

(275 N. W. 349)

(File No. 8057. Opinion filed October 5, 1937)

*David F. Heffron,* of Martin, and *W. J. Hooper,* of Gregory, for Appellant.

*Windsor Doherty,* of Winner, for Respondent.

PER CURIAM. This action is brought under the provisions of section 2784 of the Revised Code of 1919, as amended by Laws 1919, c. 289, to determine the right of the defendant to hold the office of county superintendent of schools of Bennett county. The case is here on appeal from an order of the trial court sustaining a demurrer to the complaint.

Appellant and respondent represent that a single question is presented; namely, whether the failure to renew his "State Certificate" while in office, after having been duly elected at a general election and after having been duly inducted into office while holding a valid certificate of the kind and grade required by statute, disqualifies such superintendent from completing his terms of office. This question turns upon the construction of section 11 of chapter 138 of the Laws of 1931, which, in turn, requires consideration of chapter 172 of the Laws of 1919.

Examination of the record, however, discloses that this single question argued by appellant and respondent is not presented by the allegations of plaintiff's complaint. The complaint simply alleges that the defendant was the holder of a "First Grade" certificate. Both parties are required to abandon the allegations of the complaint and deal with what are described as the "actual facts" in order to attempt to present the question they desire to have reviewed. It is elementary that a court is limited to the allegations of a complaint upon demurrer thereto, and that this court will only deal with matters properly presented by the record. The only matter argued not being presented by the record, it follows that the order of the trial court must be affirmed.

The order of the trial court is affirmed, but, because it is apparent that the situation above described results from an ob-

vious oversight in drafting of the complaint, the cause is remanded, with directions to permit the plaintiff to amend his complaint.

RUDOLPH, P. J., and ROBERTS, WARREN, and SMITH, JJ., concur.

POLLEY, J., (specially concurring). I concur in that portion of the majority opinion which affirms the order of the trial court sustaining the demurrer to the complaint, but I most emphatically dissent from the following portion of the opinion, to wit: "The only matter argued not being presented by the record. * * * But because it is apparent that the situation above described results from an obvious oversight in the drafting of the complaint, the cause is remanded, with directions to permit the plaintiff to amend his complaint."

I do not know what matter it is that was argued that is not presented by the record, neither do I know what is meant by the "obvious oversight" in the drafting of the complaint. The plaintiff is represented by counsel who is presumed to have pleaded the matters he wished to have considered by the court, and presented them in his own way.

I am at a loss to understand the tender solicitude shown by the majority opinion on behalf of the plaintiff. The last paragraph of the opinion is a plain invitation to plaintiff to amend his complaint and continue this vexatious and useless litigation. It is not a matter of concern to this court whether plaintiff amends his complaint and, if he should wish to do so, the trial court, and not this court, is the place to go for such permission.

There is nothing that can be gained by a prolongation of this litigation. The purpose for which this action was commenced has become impossible of attainment because of the expiration of the term of office involved.

The defendant Rooney was elected to the office of county superintendent of schools in Bennett county for the term beginning on the 1st day of July, 1935, and ending on the last day of June, 1937. The law in force at that time required that in order to qualify for that office defendant must be the holder of a "State certificate or certificate of higher grade, valid in this state at the date of his induction into office and for a period of at least one

year previous thereto, and who has not at least two years experience in teaching." Section 11, c. 138, Laws 1931. Defendant possessed all these qualifications when he was inducted into office July 1, 1935, but his certificate lapsed by limitation of time July 1, 1936. Plaintiff claims that when said certificate lapsed defendant became ipso facto disqualified to hold said office any longer, and brought this action to have the office declared vacant and the defendant ousted. The wording of the above-quoted statute does not support this contention.

The only requirement of the law is, so far as this case is concerned, that the incumbent possess the required qualifications when he is "inducted into office," and nothing is said about creating a vacancy by permitting his certificate to lapse. The county superintendent of schools is required to be possessed of certain educational qualifications and certain experience as a teacher. He must show that he possesses these qualifications before he can obtain the certificate above mentioned, and the certificate when issued is conclusive evidence of the possession of such qualifications; but the law does not provide that these qualifications are instantly lost in case the certificate is allowed to lapse; nor does the law declare a vacancy in the office if the certificate is allowed to lapse. The fact that the law so specifically provides that the incumbent must possess the necessary qualifications at the "date of his induction into office and for a period of at least one year previous thereto," and says nothing about his certificate thereafter, is a clear indication that the existence of the certificate thereafter is immaterial. The incumbent's educational qualifications, his experience, and his fitness to perform the duties of the office are in nowise affected by permitting the certificate to lapse. . . .

The statute of this state prescribes the various ways in which a public office may become vacant before the expiration of the term of the incumbent, and permitting a teacher's certificate to lapse is not one of them. Section 7007, R. C. 1919, reads as follows:

"Every office shall become vacant on the happening of any one of the following events before the expiration of the term of such office: -

"1. The death of the incumbent. -

"2. His resignation.

"3. His removal from office.

"4. His failure to qualify as provided by law.

"5. His ceasing to be a resident of the state, district, county, township or precinct in which the duties of his office are to be exercised or for which he may have been elected.

"6. His conviction of any infamous crime or of any offense involving a violation of his official oath.

"7. Whenever a judgment shall be obtained against him for a breach of his official bond."

Seven different ways in which an office may become vacant are enumerated, and, having specifically provided the different ways in which an office may become vacant, all other ways are necessarily excluded. People v. Whitman, 10 Cal. 38.

But no opinion upon the merits should be written or handed down in this case. The term of office for which the defendant was elected has expired. Presumably the defendant occupied and performed the duties of the office to the end of his term and the result of this case is no longer a matter of concern to him nor to the public. The case has become wholly moot, and it has never been the policy of this court to determine moot cases.

The order appealed from ought to be affirmed and the trial court directed to dismiss the action.