BAHR, Respondent v. BAHR, Appellant

(180 N.W.2d 465)

(File No. 10747. Opinion filed October 21, 1970)

**Morris Myers,** Aberdeen, for defendant and appellant.

**Heidepriem, Widmayer & Zeigler,** Miller, for plaintiff and respondent.

HOMEYER, Judge.

This appeal is from an order granting summary judgment in adopting a foreign decree of divorce.[1]

From the record before us it appears the parties were divorced by a decree of the Circuit Court of Clatsop County, Oregon, on November 25, 1964. The plaintiff-wife was awarded custody of three minor children, and the defendant-husband was required to pay $50 per month as support money for each child. The foreign decree also required the defendant to pay to plaintiff $2500 within three years of the date thereof[2] and to her attorney $500 as his fee and costs within 90 days. Other provisions are not here material.

Sometime after the divorce the parties moved to South Dakota, plaintiff living in Aberdeen and defendant in Miller. Proceedings to enforce the child custody and support provisions of the foreign decree were started in Brown County, South Dakota, on January 17, 1966 and in Hand County, South Dakota, on June 14, 1966. On March 9, 1968, the parties stipulated to dismiss the Hand County proceeding and on the following day the court entered an order of dismissal.[3]

---

1. The Order recites "that the Amended Decree of Divorce * * * of November 30, 1964, copy of which is attached to plaintiff's complaint * * * is hereby adopted as a decree of this Court to be of the same force and effect as if originally (adopted) herein."

2. The decree does not recite whether this payment is for alimony or in settlement of property rights, or both. See Kressly v. Kressly, 77 S.D. 143, 87 N.W.2d 601.

3. On January 19, 1966, defendant appeared and demanded a copy of the complaint and also demanded a change of venue of the Brown County action to Hand County. An order to Show Cause issued in the Hand County action on June 16, 1966, was vacated on July 9, 1966. No complaint was filed in either action.

The present action was commenced on August 23, 1968, when defendant was served with summons, complaint, and other papers purposed to regain custody of two of the minor children and enforce other provisions of the foreign divorce decree, a copy of which was attached to the complaint.[4] At a show cause hearing held in this action on September 4, 1968, defendant was ordered to deliver immediate custody of the two younger children to plaintiff. She was ordered not to remove the children from South Dakota until she posted a bond of $1,000 conditioned on the return of the children to the state in response to any order of this court. Such bond was furnished and approved by the court on September 13, 1968.

The complaint alleges defendant's failure to pay child support, but does not set forth any specific sum as owed. It also alleges plaintiff paid the attorney's fee which defendant was required to pay and she has not been reimbursed, and that he has paid no part of the $2,500 which he was required to pay her under the decree. In her prayer for relief plaintiff asks that the "amended decree of divorce from Clatsop County, Oregon be made the decree of this Court with the same force, effect and validity, and be enforced against the defendant by this Court in the same manner as though originally rendered herein" and he "be ordered to pay child support in arrears and other sums required by the amended decree and future child support as provided therein."

By answer and amended answer, defendant pleaded the defense of res judicata by reason of the Brown County and Hand County proceedings mentioned supra and a release from liability and a satisfaction of the Oregon judgment and

---

4. Plaintiff took up residence in Phoenix, Arizona, in May 1967 and she alleged defendant took the two younger children from her apartment without her knowledge on August 16, 1968, and brought them to Miller, South Dakota. The oldest child was born February 5, 1951, and she apparently did not want the decree enforced as to him.

decree.[5] He also alleged the South Dakota court was without jurisdiction over the two younger children since they were with their mother in Arizona when the amended answer was filed.

■ In our opinion the trial court erred when it granted plaintiff's motion for summary judgment. We are satisfied the record before the trial court showed there were genuine issues of material facts to be decided on portions of the foreign decree of divorce. SDCL 15-6-56(c). These matters should have been heard and determined before the foreign decree was adopted and made effective as a decree of the South Dakota court.

■ A foreign decree of divorce containing provisions for payment of money for support of a wife and children or in settlement of property rights may be the basis for a decree in this state and enforced by all means at the command of the court for the enforcement of such decrees. Sorenson v. Spence, 65 S.D. 134, 272 N.W. 179; Cousineau v. Cousineau, 155 Or. 184, 63 P.2d 897, 109 A.L.R. 643. Nevertheless, where it appears there are defenses available to such decree or a portion thereof which are generally applicable to suits on foreign judgments or decrees, such matters should be heard and determined before the judgment or decree is made effective and becomes a judgment in this state.

---

5. On March 9, 1968, an Agreement was signed by the parties which refers to the Oregon decree and its provision for pecuniary allowances. In it plaintiff waived and relinquished her rights to child support and acknowledged receipt of "all payments required of defendant to be made under said amended decree * * *". On that date she also signed a Satisfaction of Judgment which recites that she satisfies and discharges the amended decree of divorce in her favor and authorizes and directs the Clerk of Clatsop County to enter the satisfaction of record. Defendant alleged the satisfaction was filed on March 13, 1968. A certified copy of the "Amended Decree of Divorce" from the Clerk of the Circuit Court of Clatsop County, Oregon, **dated February 18, 1966,** appears in the record. Plaintiff by her affidavit dated September 4, 1968, admitted signing the Agreement and Satisfaction of Judgment, but says it was signed in the absence of and without advice of counsel.

██ Generally the only defenses the defendant can make to a judgment obtained in another state when the judgment is sued upon in this state are that the court did not have jurisdiction of the person or the subject matter, Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565; Tilt v. Kelsey, 207 U.S. 43, 28 S.Ct. 1, 52 L.Ed. 95, or that it was fraudulently procured, Lee v. Carroll, La.App., 146 So.2d 242; Britton v. Gannon, Okl., 285 P.2d 407, 55 A.L.R.2d 667, cert. den., 350 U.S. 886, 76 S.Ct. 140, 100 L.Ed. 781, or that the judgment has been paid, satisfied, or released. 50 C.J.S. Judgments § 874, p. 449; Friedland v. Isquith, 106 N.J.Eq. 344, 150 A. 840; Eaton v. Hasty, 6 Neb. 419; Keeler v. Elston, 22 Neb. 310, 34 N.W. 891. No defense may be set up which goes to the merits of the original controversy, or which might have been interposed in the original action. Picking v. Local Loan Co., 185 Md. 253, 44 A.2d 462. Payment made subsequent to entry of a foreign judgment is not foreclosed under the full faith and credit clause of the Constitution of the United States, Art. 4 § 1, since it could not have been litigated in the original action.[6] Lennon v. Cohen, 264 Mass. 414, 163 N.E. 63.

██ We see no merit in plaintiff's argument that summary judgment should be held proper since the matters urged as affirmative defenses could be asserted in proceedings to enforce the judgment. Assuming without deciding that this is so, defendant should not be required to wait for plaintiff to initiate enforcement proceedings to determine whether

---

6. In Application of Habeck, 75 S.D. 535, 69 N.W.2d 353, this court held, under the doctrine of comity between states, an award of child custody made by a court in a sister state, except in a case of fraud or want of jurisdiction, will be given full effect here under circumstances existing at the time of entry of the decree.

or not he remains indebted on the judgment, or the extent thereof.[7]

 We refer briefly to other matters argued in the briefs since they may arise when the action is tried on its merits. We see nothing in defendant's claims of res judicata. No complaint was ever filed in the prior actions and proceedings and there was no adjudication on the merits. 46 Am. Jur.2d, Judgments, § 479, p. 643; McPherson v. Swift, 22 S.D. 165, 116 N.W. 76.

 Defendant's assertions the court was without jurisdiction because the mother resided in Arizona when the present action was started are equally without merit. The two children whose custody she sought to regain were with the father in South Dakota when the action was instituted. The father is a resident of South Dakota. South Dakota courts have jurisdiction to enforce the provisions of the Oregon decree by an independent action, Sorenson v. Spence, supra, or by habeas corpus. Application of Heintz, 78 S.D. 188, 99 N.W.2d 794.

The order granting summary judgment is reversed and the cause remanded for trial.

All the Judges concur.

---

7. See Holt v. Holt, 84 S.D. 671, 176 N.W.2d 51, where we recently held, in the absence of fraud or other reason which would apply to any judgment, a decree of divorce allowing alimony in gross to be paid in installments was a final and conclusive adjudication and not subject to modification, and the wife could proceed by garnishment to collect sums due her under the judgment.