LOREE, Appellant v. PEARSON, Respondent

(219 N.W.2d 615)

(File No. 11361. Opinion filed July 1, 1974)

David J. Stanton, Wynn A. Gunderson, Rapid City, for plaintiff and appellant.

Ken C. Graves, Rapid City, for defendant and respondent.

WINANS, Justice.

This is an appeal taken by the plaintiff from a judgment rendered in the Circuit Court of Pennington County modifying the terms of an Alabama support order.

In her complaint, the plaintiff, a resident of Alabama, alleged that she was issued a divorce from the defendant in the State of Alabama and that there was incorporated in the divorce decree a provision that the plaintiff was to assume custody of their minor child and that the defendant was to pay the plaintiff $120.00 per month for the support and maintenance of the child. The plaintiff also alleged that as of the time of the institution of the suit the defendant had failed to make any of the support payments and that there was due from him the sum of $8,060.00 in accrued monthly payments. She prayed that the Alabama divorce decree be made the judgment of the South Dakota Court and that the defendant be required to pay all arrearages due thereunder. In his answer, the defendant admitted that he had not fully complied with the provisions of the Alabama decree but he alleged that he had made some payments in compliance with it. By his answer, the defendant further alleged that due to his financial status he was unable to comply with the provisions of the decree and he requested the court to modify future as well as past due installments.

The lower court found that it had jurisdiction to modify the judgment of the Alabama Court and to render a superseding judgment in relation to past unpaid support payments as well as to future payments. Accordingly, the court reduced future payments of child support to $100 per month and the amount of arrearage was reduced to $600.

In this appeal, the plaintiff does not question the jurisdiction of the lower court to modify the amount of future support payments. It is her only contention that the trial court erred in reducing the amount of past due payments. For the reasons indicated below, we agree.

The law appears to be well settled in Alabama, whose decree is herein sought to be enforced, that the right to accrued

installments of support are absolute and vested. Epps v. Epps, 1929, 218 Ala. 667, 120 So. 150; Rochelle v. Rochelle, 1938, 235 Ala. 526, 179 So. 825; Whitt v. Whitt, 1964, 276 Ala. 685, 166 So.2d 413. As such, past due support payments in Alabama are not modifiable and they become final judgments on the dates they are due.[1] As was stated in the Epps case (supra at page 152):

> "* * * past due installments had become a debt of record, a vested estate of the wife, beyond the power of the court to destroy, whatever the hardship to the petitioner. His jurisdiction to modify the decree is limited to its prospective effect."

In Sistare v. Sistare, 1909, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905, the United States Supreme Court recognized that the Full Faith and Credit Clause of the United States Constitution[2] is applicable to decrees for child support. The court held, in effect, that to the extent that a support order is final and not modifiable in the state where it is rendered, it must be enforced by the courts of other states.[3] See also Barber v. Barber, 1944, 323 U.S. 77, 65 S.Ct. 137, 89 L.Ed. 82, and Sorenson v. Spence, 65 S.D. 134, 272 N.W. 179, a case similar to the present one wherein we held that a foreign decree for support should be enforced by the courts of this state as a matter of sound public policy and reasonable grounds of comity.

Accordingly, since the Alabama support decree was final and it not appearing that it has there been modified with respect to accrued support payments, it should be given full faith and credit in South Dakota. Thus, the trial court erred in reducing the size of the past due payments in this case.

Reversed.

All the Justices concur.

1. Alabama is thus unlike South Dakota. For South Dakota, accrued installments remain modifiable and do not become final until a judgment for the particular installment is docketed. See Eggers v. Eggers, 1967, 82 S.D. 675, 153 N.W.2d 187.

2. U. S. Constitution, Article IV, § 1.

3. On the other hand, if accrued installments are not final in the state where rendered, they are not entitled to full faith and credit.