**Kathlyn LUEDTKE, Plaintiff and Appellee,**

v.

**David R. KOOPSMA, Defendant and Appellant.**

**No. 13159.**

Supreme Court of South Dakota.

Considered on Briefs Feb. 18, 1981.

Decided March 18, 1981.

---

takes into account the slope of land as well as other factors in determining whether land is cropland or rangeland.

Jeffrey P. Hallem, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Craig A. Kennedy of Doyle, Bierle & Porter, Yankton, for defendant and appellant.

DUNN, Justice.

David R. Koopsma (appellant) appeals from an order of the circuit court dated May 12, 1980, directing that he pay Kathlyn Luedtke (appellee) $75.00 per month for the support of their minor child, Lisa M. Koopsma (Lisa). We affirm.

The parties were married on October 27, 1972, in Mountain Home, Idaho; approximately four months later on February 6, 1973, Lisa was born. On the 8th day of November, 1973, appellee obtained a judgment, in Idaho, granting her a divorce. Appellant voluntarily chose to make no appearance in the divorce action. The Idaho court granted appellee custody of Lisa and ordered that appellant pay child support of $75.00 per month.

On January 14, 1980, appellee, who now resides in Wisconsin, filed in that state a "Petition for Support," and pursuant to the "Uniform Reciprocal Enforcement of Support Act" (URESA), a hearing on this petition was held on May 12, 1980, in the South Dakota Circuit Court at Canton. At this hearing appellant (who is a South Dakota resident) sought to contest paternity. Appellant's argument is predicated upon a petition for termination of parental rights which appellee filed in Wisconsin on October 10, 1979. Therein, appellee alleges that one Phillip Taylor is the natural father of Lisa and that appellant is merely the father through marriage. This petition was never pursued beyond the initial filing; however, appellant urges that in light of this sworn petition he should be allowed to contest paternity in the URESA proceeding.

The sole issue on appeal is whether the original judgment of divorce was res judicata in the URESA action on the issue of paternity. The authorities uniformly indicate that it is. See *Baum v. Baum*, 20 Mich.App. 68, 173 N.W.2d 744 (1969); *Dornfeld v. Dornfeld*, 200 App.Div. 38, 192 N.Y.S. 497 (1922); *Johns v. Johns*, 64 Wash.2d 696, 393 P.2d 948 (1964). See generally Annot. 78 A.L.R.3d 846 (1977).

Although the record contains no findings by the Idaho court there is an Idaho judgment which refers to Lisa as the "minor child of the parties ...." Logic and reason dictates that the Idaho court found that Lisa was appellant's child. We also note that there is a rebuttable presumption that children who are born during wedlock are the legitimate issue of the mar-

riage.* Moreover, the Idaho court ordered appellant to provide child support of $75.00 per month. "[A] support order, although uncontested, constitutes an adjudication of paternity in regard to the [appellant's] duty of support." *Baum*, supra, at 747.

Appellant cites *Carr v. Preslar*, 73 S.D. 610, 619–620, 47 N.W.2d 497, 502–503 (1951) (citations omitted), wherein we stated:

> The doctrine of res judicata . . . rest[s] on two maxims, viz., "A man should not be twice vexed for the same cause" and "it is for the public good that there be an end to litigation." . . . To permit the present use of the doctrine does more than protect [appellee] from being twice vexed. It makes it possible for him to succeed in defeating [appellant] in [his] efforts to secure a fair opportunity to place [his] claim in litigation on its merits. In our opinion neither justice nor sound public policy would be served by such a ruling.

The salient language in *Carr*, for purposes of this appeal, is the statement requiring that parties have "a fair opportunity to place their claim in litigation." Here, appellant had every opportunity to contest paternity in the 1973 divorce action, which he voluntarily chose to forego. He now, however, attempts to raise this issue that was settled by the Idaho court over seven years prior to this appeal. We find that "[w]hile this [Idaho judgment] remains, the question of the legitimacy of [Lisa] cannot be presented for judicial investigation by the parties to this action." *Dornfeld v. Dornfeld*, supra, 192 N.Y.S. at 498.

If appellant had shown that the Idaho judgment was obtained by fraud on appellee's part, a substantially different question might be presented. See *Johns v. Johns*, supra. That, however, is not the case presented. Appellant merely claims that appellee's statement in the petition seeking termination of appellant's parental rights is

sufficient to estop enforcement of the judgment of divorce and its holding that Lisa is the minor child of the parties. The rule in such a case is that, "[a]lthough statements of fact in other pleadings are inconclusively admissible . . . they cannot be used for the purpose of establishing the defense of estoppel." *Mich. Health Care, Inc. v. Flagg Industries, Inc.*, 67 Mich.App. 125, 129, 240 N.W.2d 295, 297 (1976).

Generally the only defenses the defendant can make to a judgment obtained in another state when the judgment is sued upon in this state are that the court did not have jurisdiction . . . or that the judgment has been paid, satisfied, or released. . . . No defense may be set up which goes to the merits of the original controversy, or which might have been imposed in the original action.

*Bahr v. Bahr*, 85 S.D. 240, 245, 180 N.W.2d 465, 467 (1970).

█ We find that appellant had an opportunity to contest paternity in the original action, but failed to do so. He also has not alleged fraud in appellee's obtaining of the original judgment. He therefore should not be heard to complain that he has been precluded from presenting this issue to the courts. Paternity in such a situation is not properly raised in an action to enforce child support obligations.

Accordingly, we affirm.

All the Justices concur.

---

> All children born in wedlock are presumed to be legitimate. Idaho Code 7–1119 provides:
> The presumption of legitimacy of a child born during wedlock is overcome if the court

finds that the conclusions of all the experts, as disclosed by the evidence based upon the tests, show that the husband is not the father of the child.