**Gerald ONE FEATHER, Plaintiff and Appellee,**

**v.**

**O.S.T. PUBLIC SAFETY COMMISSION, Defendant and Appellant.**

**No. 17580.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 15, 1992.

Decided March 11, 1992.

Robert G. Mines, Hot Springs, for plaintiff and appellee.

Jay C. Shultz, Lynn, Jackson, Shultz & Lebrun, P.C., Rapid City, for defendant and appellant.

SABERS, Justice.

A state circuit court permitted execution on restricted funds of Commission contrary to a recognized tribal court order. Commission appeals. We reverse.

FACTS

Gerald One Feather, an enrolled member of the Oglala Sioux Tribe, filed suit in Oglala Sioux Tribal Court (Tribal Court) against the Oglala Sioux Tribe Public Safety Commission (Commission) for wrongful termination from his position as Executive Director of the Commission. The Commission administers the law enforcement functions of the Pine Ridge Indian Reservation through an Indian Self–Determination and Education Assistance Act (ISDEA)[1] (Pub.L. No. 93–638) contract with the U.S. Department of the Interior, Bureau of Indian Affairs (BIA). Under this arrangement and contract, the Commission receives funds from the BIA for "allowed" direct and indirect costs and expenditures incurred during each covered fiscal year.

Although the Tribal Court dismissed One Feather's action, the Oglala Sioux Tribal Court of Appeals (Tribal Court of Appeals) reversed and ordered that One Feather be reinstated and compensated for lost wages

---

1. 25 U.S.C. §§ 450–450n (Supp.1991).

in the sum of $17,524.00. The Tribal Court issued an Execution Order in that amount on October 2, 1986 and directed payment to be made within ten days of service of that order. One Feather was unable to execute on this judgment and sought an order of contempt. Due to a determination by the BIA, via correspondence, that payment of this judgment would result in a "disallowed cost," the Tribal Court concluded on June 28, 1988:

> [T]his Court cannot in good conscience order the defendants to make an appropriation that would result in a "disallowed cost" and jeopardize the Public Safety Program of the Pine Ridge Indian Reservation.

The Tribal Court further held that One Feather exhausted his tribal remedies and must pursue another course of action to collect his judgment and dismissed his contempt proceeding with prejudice.

One Feather appealed this ruling to the Tribal Court of Appeals. However, he failed to file a written brief. The Tribal Court of Appeals dismissed the appeal and affirmed the Tribal Court's findings of fact and conclusions of law with one modification—the contempt action was dismissed "without prejudice."

One Feather then sought recognition of his Tribal Court judgment in South Dakota circuit court. He filed the necessary affidavits and copies of all judgments and orders from the Tribal Court and the Tribal Court of Appeals pertaining to his claim against the Commission with the circuit court. On March 1, 1990, the circuit court ordered that the Tribal Court judgment was recognized. This order specifically mentioned both the money judgment and the contempt order. However, despite Commission's Motion to Vacate Recognition of Tribal Court Order and a Motion for Discharge of Sheriff's Levy (with supporting Affidavits), the circuit court allowed execution against and disbursement of the restricted funds held by the Commission in a Rapid City bank. The Commission appeals this execution claiming that it was error for the circuit court to allow execution on funds held by the BIA and the Commission under a judgment classified as a "disallowed cost."

## COMITY.

■ Under SDCL 1–1–25, a state court may, in certain cases,[2] recognize tribal court orders and judgments, where the tribal court had jurisdiction over both the subject matter and the parties; the order or judgment was obtained without fraud and by a process assuring the requisites of an impartial administration of justice, including due notice and a hearing; the order or judgment complies with the laws, ordinances and regulations of the jurisdiction from which it was obtained; and it does not contravene the public policy of the state of South Dakota. SDCL 1–1–25. Obviously, where contested, obtaining recognition of a tribal court order or judgment is no easy task. To make matters more difficult, the party seeking recognition must establish the above conditions by clear and convincing evidence. SDCL 1–1–25(1).

■ In this case, One Feather was the party seeking recognition and it was not contested by the Commission. The circuit court granted recognition of the orders and judgments of the Tribal Court and Tribal Court of Appeals and no appeal was taken therefrom. SDCL 1–1–25; *see also, Mexican v. Circle Bear*, 370 N.W.2d 737, 741 (S.D.1985). However, once an order or judgment is recognized or granted comity, the circuit court cannot directly or indirectly reverse or vacate the order or judgment. *Cf. Wooster v. Wooster*, 399 N.W.2d 330, 334 (S.D.1987) (a foreign judgment must be enforced to its full extent). Modification is permitted in certain cases not involved here. SDCL 1–1–25(2)(a).

In allowing execution on the funds in question, the circuit court effectively reversed the Tribal Court's conclusion that the funds were restricted and not subject to execution. This order was granted comity by the circuit court and should have been given full effect. *Wooster*, 399 N.W.2d at 334. Therefore, it was error for

---

2. SDCL 1–1–25(2)(a–d).

the circuit court to allow execution on the Commission's restricted funds in direct conflict with a recognized Tribal Court order.[3]

MILLER, C.J. and WUEST and AMUNDSON, JJ., concur.

HENDERSON, J., concurs specially.

HENDERSON, Justice (specially concurring).

This case involved Indian people, Indian affairs, Indian Safety Commission, and Indian courts (Oglala Sioux Tribal Court) and a tribal appellate court.

This case entirely developed within the exterior confines of the Pine Ridge Indian Reservation.

The South Dakota Supreme Court has recognized the integrity of the tribal courts concerning the internal affairs of Indians residing within the boundaries of an Indian reservation wherein the factual scenario encompassed an involvement of Indian matters. *Application of Defender*, 435 N.W.2d 717, 722 (S.D.1985) (Tribal courts have been recognized as appropriate forums for the exclusive adjudication of disputes affecting important personal and property interests of Indians) (Henderson, J., concurring in result). *Matter of Guardianship of Sasse*, 363 N.W.2d 209, 211 (S.D.1985) (State court lacked subject-matter jurisdiction over cause of action seeking to surcharge Indian for his alleged defalcations as guardian of his mother's estate where application of state law would interfere with right of Indian reservation self-government); *Matter of Guardianship of D.L.L. and C.L.L.*, 291 N.W.2d 278, 281 (S.D.1980) (The Tribal Court is the proper forum for determination of the welfare of Indian children who were residents and domiciliaries of the reservation).

However, we cannot restrict ourselves to a review of the law, on a case such as this, under settled South Dakota law. We must examine federal authority. *See, State v. Spotted Horse*, 462 N.W.2d 463, 467 (S.D. 1990); *Rosebud Sioux Tribe v. South Dakota*, 900 F.2d 1164, 1169 (8th Cir.1990), *cert. denied*, ——— U.S. ———, 111 S.Ct. 2009, 114 L.Ed.2d 98 (1991). It is the tribal courts which have jurisdiction and the obligation to determine tribal law. They have final authority thereon. *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 65, 98 S.Ct. 1670, 1681, 56 L.Ed.2d 106, 123 (1978), *see also, Williams v. Lee*, 358 U.S. 217, 223, 79 S.Ct. 269, 270, 3 L.Ed.2d 251, 253 (1959).

It is well established, by federal authority, that Indian tribes retain attributes of sovereignty over their members and the tribe's authority. Two federal cases, *Iowa Mutual Insurance Company v. LaPlante*, 480 U.S. 9, 107 S.Ct. 971, 94 L.Ed.2d 10 (1987) and *United States v. Turtle Mountain Housing Authority*, 816 F.2d 1273, 1276 (8th Cir.1987) support this statement. Tribal Judge Patrick Lee determined that the contract funds in question were specifically dedicated to law enforcement functions. This, therefore, appears to be an *internal tribal controversy*. Therefore, the tribal court is the proper forum to decide the issue—not a trial court in the South Dakota state court system. *Weeks Construction, Inc. v. Oglala Sioux Housing Authority*, 797 F.2d 668, 673–74 (8th Cir.1986).

The entire crux of this appeal lie in One Feather's failure to timely pursue his appeal, procedurally, under the tribal code.* True, a Notice of Appeal was filed from the Findings, Conclusions and Order of Tribal Judge Lee. However, One Feather failed to file a written brief. Thereupon, the Tribal Court of Appeals dismissed the appeal, without prejudice, and affirmed the tribal (trial) court's findings, conclusions and order. The official designation of said court is "The Oglala Sioux Tribal Court of Appeals, Oglala Sioux Tribe, Pine Ridge

---

**3.** In reversing the trial court, we need not and do not decide whether the Tribal Court was correct in determining whether these funds were in fact restricted.

* Chapter 1, Section 6.4.2(3), OST Revised Code provides: "Appellant shall have Attorney file written brief, the original and three (3) copies to be filed with the Clerk of Court and one (1) copy sent to opposing party within fifteen days of the date on which notice of appeal was filed."

Indian Reservation." It has a Chief Judge and two other judges on a 3 judge panel. Simply put, One Feather had a forum; he started the case there; he appealed to that forum; he then failed to complete the legal proceedings which began in the tribal court. One Feather, essentially, precluded the appellate court from an opportunity to act to a fulfillment of its duty to its Indian brothers. These tribal courts and appellate courts must have a "... full opportunity to consider the issues before them and to rectify any errors." *LaPlante*, 480 U.S. at 16, 107 S.Ct. at 976.

In my opinion, this Court's base holding should be: The circuit court, in effect, failed to recognize the specific ruling of the Oglala Sioux Tribal Court which declared that One Feather could not execute upon funds held by the Oglala Sioux Tribe Public Safety Commission, said funds held by virtue of a contract (Public Law 93–638 Contract) between the Tribe and the United States Government pertaining to the functions of law enforcement upon the Pine Ridge Indian Reservation. Scholars of Indian law begin their research with Chief Justice John Marshall's opinion in the historic case of *Cherokee Nation v. Georgia,* 30 U.S. (5 Pet.) 1, 8 L.Ed. 25 (1831). It is the womb of Indian law in these United States. And this particular tribal court, on the rolling prairie of South Dakota, is one of its children. Thereunder, the United States Congress and the United States Supreme Court has refused to abolish tribal sovereignty. We, on this Court, owe an obligation to follow these federal dictates and holdings.

Through the power of 25 C.F.R. § 271.-54(f) and the federal decisions consonant with the thoughts above expressed, I would reverse the state trial court.