LIBERTY MUTUAL INSURANCE COMPANY v.
NUTTING TRUCK AND CASTER COMPANY
AND ANOTHER.

203 N. W. 2d 542.

January 12, 1973—No. 43437.

*Robb, Van Eps & Gilmore, Don James Chantry,* and *John H. Lewis,* for appellant.

*Mahoney, Dougherty, Angell & Mahoney* and *John F. Angell,* for respondent Nutting.

*Castor, Stich & Ditzler, John E. Castor,* and *Austin D. Ditzler,* for respondent Johnson & Webster.

Heard before Knutson, C. J., and Kelly, Murphy, and Schultz, JJ.

HAROLD W. SCHULTZ, JUSTICE.[*]

The sole question presented on appeal is whether the claim of a workmen's compensation insurer who is subrogated to the rights of an injured employee against a third-party tortfeasor is barred by the statute of limitations where the insurer failed to commence an action against the third-party tortfeasor within

---

[*]Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

the statutory period, but where the employee had commenced an action within that period.

On January 15, 1962, Ralph Ekker was employed as a delivery driver for Northland Milk and Ice Cream Company. Northland was insured for workmen's compensation liability by Liberty Mutual Insurance Company. On January 15, within the course and scope of his employment, Ekker made a delivery to the Excelsior Super Valu Store. While he was at the store and was descending a stairway which was not equipped with a handrail, as is required by village ordinance, the two-wheel hand cart which Ekker was using broke. The cart was manufactured by defendant Nutting Truck and Caster Company. Ekker fell, sustaining injuries, and was paid workmen's compensation benefits in excess of $7,000 for permanent partial disability and approximately $7,000 for medical expenses by Liberty Mutual.

On January 13, 1968, an action was commenced by Ekker against Nutting Truck and Excelsior Super Valu Store. This was 2 days before the statute of limitations ran on Ekker's cause of action.

On April 25, 1968, after the running of the statute of limitations, defendants moved to join Liberty Mutual as a party plaintiff under Minn. St. 176.061, subd. 7, providing for a separate cause of action by an employer against the third-party tortfeasor to recover amounts paid by the employer for medical expenses. On July 12, 1968, the court issued an order joining Liberty Mutual as an additional party plaintiff in order to separate its cause of action for medical treatment paid to Ekker from Ekker's personal claims.

On September 30, 1968, pursuant to the court order of July 12, 1968, Liberty Mutual by amended complaint set forth its claim for both medical expenses and compensation benefits paid to Ekker. Shortly after the commencement of trial, Ekker settled his personal claims against defendants for $15,500 and executed a release which expressly excluded "payments made or to be made by reason of the Workmen's Compensation laws of the

State of Minnesota as a result of the aforesaid accident." On the same day, by motion of the defendants, Liberty Mutual's cause of action was dismissed on the grounds that it was barred by the 6-year statute of limitations.

On February 6, 1969, Liberty Mutual commenced a suit against Ekker and garnished the funds to be paid to Ekker by the defendants pursuant to the settlement. On May 21, 1969, the court reinstated Liberty Mutual's cause of action in its entirety against the defendants. Liberty Mutual then dismissed its suit against Ekker. On July 1, 1971, the court, pursuant to defendants' motion, struck Ekker's name from the remaining action as a party plaintiff and limited Liberty Mutual's recovery to only the medical expenses it paid for Ekker, ruling that Liberty Mutual's claim for compensation benefits was barred by the statute of limitations.

On appeal, it is Liberty Mutual's contention that its entire subrogation claim, for both medical expenses and disability payments, was included in Ekker's original action, which was timely brought. Thus, Liberty Mutual contends that it was not barred by the statute of limitations. Liberty Mutual further contends that a settlement by the employee which excludes the employer's interests cannot extinguish those claims as against the third-party tortfeasor.

We agree. That part of the trial court's order limiting the right of Liberty Mutual to recover only the medical expenses sustained by Ekker is reversed, and the case remanded for trial of Liberty Mutual's entire subrogation claim.

Minn. St. 176.061, subd. 5, spells out the rights of an employer and employee when compensation benefits have been paid and the employee was injured under circumstances giving rise to liability on the part of a third party. This statute specifically gives the employer and insurer a right of subrogation once compensation benefits have been paid. Thus, once Liberty Mutual paid workmen's compensation benefits, it was subrogated to any rights Ekker had against the defendants, to the extent of its

compensation payments. Spelling out the rights of the employer, the statute provides in part:

"* * * If the injured employee or his dependents agree to receive compensation from the employer or institute proceedings to recover the same or accept from the employer any payment on account of such compensation, the employer is subrogated to the rights of the employee or his dependents. This employer may maintain an action or continue an action already instituted. This action may be maintained in the name of the employee or the names of the dependents or in the name of the employer against such other party for the recovery of damages."

There is no question that Ekker's action against Nutting Truck and Caster Company and Excelsior Super Valu Store was timely commenced. There is also no question that Liberty Mutual paid compensation benefits to Ekker. Clearly, Minn. St. 176.061, subd. 5, gives Ekker the right to recover compensation benefits and still commence a third-party action for the recovery of damages. However, once an employee elects to recover compensation benefits, his employer is subrogated to his rights against the third-party tortfeasor. The employee has the right to commence the action against the third-party tortfeasor, but when he does so, after receiving compensation benefits, he is suing not only on his own behalf but also on behalf of the subrogated employer and its workmen's compensation carrier. Thus, when Ekker, after receiving workmen's compensation benefits from his employer and Liberty Mutual, elected to commence an action against third parties alleged to have caused his injury, he was suing not only on his own behalf but on behalf of his employer and the subrogated workmen's compensation carrier. In the event that the case had been tried to a conclusion and Ekker had recovered damages, to the extent he had proved up medical expenses and wage loss for which he was compensated by Liberty Mutual, he would have been receiving the damages recovered as a trustee on behalf of the subrogated workmen's compen-

sation carrier. Dockendorf v. Lakie, 251 Minn. 143, 86 N. W. 2d 728 (1957).

In addition, when an employee has received workmen's compensation and then commences an action against a third party, the employee has a right to dispose of his claim for bodily injuries against the third party by excluding from the settlement any amounts due his employer and insurer by way of subrogation. The employee can make this type of separate settlement, but such a settlement does not affect the rights of the employer or the workmen's compensation carrier to continue its statutory subrogation action against the third-party tortfeasor for the amount the employer or insurance carrier has paid the employee under the compensation act. Lang v. William Bros Boiler & Mfg. Co. 250 Minn. 521, 85 N. W. 2d 412 (1957). Thus, when Ekker, after receiving workmen's compensation benefits, elected to commence an action against third parties alleged to have caused his injury, his action included not only his own claim but included that of his employer and the subrogated workmen's compensation carrier. He had a right to dispose of his personal claim by way of settlement and exclude from that settlement any rights of his employer or Liberty Mutual. The release signed by Ekker does just this and specifically leaves open Liberty Mutual's right to proceed against Nutting Truck and Excelsior Super Valu.

By the terms of § 176.061, subd. 5, Liberty Mutual's entire cause of action was commenced timely by virtue of its incorporation in Ekker's action, whether separately stated as such or not.

The employer's right to continue its claim against the third-party tortfeasor in an action instituted by the employee remains even after the employee-plaintiff dies. City of St. Paul v. Sorenson, 283 Minn. 158, 167 N. W. 2d 17 (1969).

Defendants cite as authority for their position American Mutual Lia. Ins. Co. v. Reed Cleaners, 265 Minn. 503, 122 N. W. 2d 178 (1963), and Courtney v. Babel, 293 Minn. 328, 198 N. W. 2d 566 (1972). The American Mutual case is distinguishable from the instant case in that the settlement was made prior to

employee's application for workmen's compensation and the defendants did not have notice or reason to believe that the insurer had a cause of action against them. In the case at hand, defendants, as is evidenced by their action in bringing in Liberty Mutual as a party plaintiff, knew of Liberty Mutual's cause of action because of prior payments of compensation benefits.

The Courtney case is not dispositive of the issue in the instant case. Courtney held that a deceased employee's dependents who had brought an action for death by wrongful act against a third-party tortfeasor were entitled to settle it without the consent and against the wishes of the deceased's employer and its compensation carrier, who had paid workmen's compensation death benefits. Courtney also held that, in the absence of agreement, the carrier, who had failed to petition for intervention in the action against the third-party tortfeasor, had no standing to question the settlement or allowance of attorneys' fees in the action.

We conclude that Liberty Mutual has a viable subrogation claim by reason of Ekker's timely commencement of his third-party lawsuit and that that claim is unaffected by his subsequent release of those defendants.

Reversed and remanded for trial for the full amount of the insurer's claim.