O'RIELLY MOTOR COMPANY v. JOHN H. UECKER.

244 N. W. 2d 49.

July 2, 1976—No. 45987.

*Stewart & Zlimen* and *A. J. Zlimen*, for appellant.

*Harry N. Ray*, for respondent.

SCOTT, JUSTICE.

A default judgment was entered in the state of Arizona against defendant. This action was brought to enforce that judgment. The trial court, finding the Arizona court lacked jurisdiction to enter the judgment, granted defendant's motion to dismiss the complaint. This appeal followed.

While in Arizona in 1971, defendant entered into a written lease with the Broadmont Corporation for the monthly rental of an automobile. Defendant moved to the city of Minneapolis during the period of the lease and defaulted under the terms of the lease.

An action was commenced in Arizona by plaintiff, O'Rielly Motor Company, to recover the balance due under the lease. The complaint in the Arizona action alleged that "defendant entered into a contract with the plaintiff for the lease of a[n] * * * automobile * * *." This allegation was not accurate. The lease was entered into with the Broadmont Corporation and contained a clause by which the lessee acknowledged that the lessor contemplated an assignment of the rents. The defendant was personally served in Minnesota with the Arizona summons and complaint. He did not appear in the Arizona case and therefore, he failed to raise the inaccuracy of the allegation that the lease was made with plaintiff.

The Arizona long-arm provision utilized by plaintiff to invoke jurisdiction over defendant provides in pertinent part:

"When the defendant * * * is a person * * * [who] has caused an event to occur in this state out of which the claim which is the subject of the complaint arose, service may be made as herein provided * * *." Rule 4(e) (2), Arizona Rules of Civil Procedure.

Defendant contends that the Arizona court did not acquire jurisdiction because the action was commenced by O'Rielly Motor Company and there was no evidence introduced in the Arizona

court that there had been an assignment of the rents to that company.

We hold that when the defendant signed the lease, he "caused an event to occur" that gave the Arizona court the right to exercise jurisdiction over him. It was in the exercise of that jurisdiction that an error occurred. The general rule is that a judgment of a foreign state is entitled to full faith and credit even if it is irregular or erroneous.

The rule is stated in Restatement, Conflict of Laws, § 431:

"A valid foreign judgment will not be denied recognition because of error of law or of fact in the proceedings before judgment."

The Restatement then states:

"*Comment:*

"*a.* A judgment creates a new right in the judgment plaintiff and imposes a new duty on the judgment defendant, independent of the cause of action alleged in the suit in which the judgment was given. Suit on a judgment is a suit on this new right, not on the old cause of action; and it is immaterial whether a cause of action did or did not exist before judgment."

Many years ago, in a decision involving a suit on a judgment entered in Illinois, Mr. Justice Dibell said:

"* * * Counsel for [defendant] claims that the finding of the master in chancery is based upon an entire misconception of the proper method of weighing evidence and that the result he reached was inaccurate. It seems likely that it was, but it matters not. The fact of the adjudication, the other necessary conditions existing, makes the adjudication a bar by judgment, or an estoppel by verdict, and not its correctness or the propriety of the method used in reaching the result." Clay, Robinson & Co. v. Larson, 125 Minn. 271, 273, 146 N. W. 1095, 1096 (1914).

The Arizona court had jurisdiction over the defendant to enter judgment. The failure to plead and prove the assignment of the

rents to plaintiff was a mere oversight which should and could have been corrected by defendant in the Arizona court. The judgment, having been entered, is entitled to full faith and credit. Accordingly, the dismissal of plaintiff's complaint is set aside.

Reversed.