**STATE of Minnesota, ex rel. COUNTY OF HENNEPIN and Judith Ann Erlandson, n/k/a Judith Ann Severson, Petitioners, Respondents,**

v.

**John Edward ERLANDSON, Appellant.**

**No. C6–85–1222.**

Court of Appeals of Minnesota.

Jan. 28, 1986.

Hubert H. Humphrey, III, Atty. Gen., Michael D. Lynch, Kandiyohi Co. Atty., Kay M. Gavinski, Asst. Co. Atty., Willmar, for respondents.

Allan Swen Anderson, Granite Falls, for appellant.

Heard, considered and decided by LANSING, P.J., and HUSPENI and LESLIE, JJ.

## OPINION

LANSING, Judge.

John Erlandson appeals from an order refusing to forgive child support arrearages and increasing his monthly child support obligation to $395 per month. He contends that an Indiana court modified the obligation set by the original Minnesota decree and that he was not in arrears because he complied with the Indiana order. He also contends that the trial court abused its discretion in increasing child support. We affirm on the arrearages issue and remand for more evidence on whether his child support obligation should be increased.

## FACTS

John Erlandson and Judith Severson were divorced in June 1977. The judgment and decree incorporates the terms of a stipulation under which Judith Severson received custody of their only child, Jennifer, who is now 13 years old. John Erlandson was ordered to pay $150 per month in child support. He complied with the order for a few months until he moved to Indiana. Hennepin County brought an action under the Uniform Reciprocal Enforcement of Support Act (URESA) to enforce his child support obligation, and in February 1978 an Indiana court ordered him to pay $15

per week. Erlandson complied with the Indiana order.

In the fall of 1983 Erlandson returned to Minnesota and now resides in Kandiyohi County. He continued to pay $15 per week until May 1984, when he increased his support payments to $150 per month. In October 1984 the Kandiyohi County attorney moved for a determination of arrearages due under the original decree and to increase his monthly child support obligation.[1]

Erlandson appeared at the hearing with his attorney and was the only witness to testify. He professed not to remember his income at the time of the decree, but generally agreed with an estimate of $5,000 to $6,000 per year "after expenses." He said his income was about the same when he moved to Indiana until 1980, when he obtained a sales job. His net income for tax purposes from 1980 to 1985 has been about $18,000 per year. According to an affidavit he filed in opposition to the modification motion, his 1984 tax return shows about $38,000 in salary, $13,700 in business deductions and rental losses, and $6,000 in taxes, resulting in a net income of $18,972. He has remarried and his wife earns about $17,000 per year. He voluntarily pays $100 per month in support for an 18-year-old daughter who is attending college in another state.

The arrearages due under the Minnesota decree amounted to $8,085. The trial court refused to forgive the arrearages because Erlandson's income while in Indiana was "substantially the same or greater * * * than the amount that he was earning at the time of the dissolution." The trial court also found that Erlandson's income had increased two and one-half times since the original decree and accordingly increased child support to $395 per month under the guidelines. See Minn.Stat. § 518.551, subd. 5 (1984). The court did not reduce the arrearages to judgment but said they

would be payable after Jennifer reaches age 18.

## ISSUES

1. Did the 1978 Indiana order modify appellant's obligation to pay child support under the Minnesota dissolution decree?

2. Did the trial court abuse its discretion in increasing appellant's child support obligation?

## ANALYSIS

### I

John Erlandson contends that the 1978 Indiana order modified the Minnesota decree and that, because he complied with the Indiana order, he is not in arrears.

Under Minnesota law, a URESA order does not modify a foreign decree absent a petition for modification. *See Matson v. Matson*, 333 N.W.2d 862, 865 (Minn.1983); *Faribault-Martin-Watonwan Human Services v. Jacobson*, 363 N.W.2d 342, 345 (Minn.Ct.App.1985). Under Indiana law, URESA orders do not modify or supersede the support provisions of the original decree. *Banton v. Mathers*, 159 Ind.App. 634, 309 N.E.2d 167 (1974); Ind.Code 31-2-1-29 (1971).

The record in this case is sparse. The only evidence of the Indiana order is a document stating: "Defendant is ordered [to] pay support of $15.00 per week to the Clerk of Wabash Circuit Court beginning Feb. 24, 1978." Erlandson testified that he did not move to modify his child support obligation in Indiana but only responded to the URESA proceeding.

▪ At the hearing the trial court did not rule on whether the Indiana order modified the decree; the court said only that the arrearages would not be forgiven. The written order issued later, however, contains ambiguous language suggesting that the Indiana order modified the Minnesota decree. Despite the ambiguity, the court's

---

1. The State referred to this action, which seeks enforcement of a Minnesota decree in a Minnesota district court, as a URESA proceeding brought under chapter 518C. The propriety of using URESA to enforce a Minnesota order within the state was not raised on appeal.

legal conclusion is correct: Erlandson's arrearages should be determined under the Minnesota decree. Erlandson had the burden of proving that the Indiana order modified his obligation under the Minnesota decree, and he failed to meet that burden. There is no evidence that the decree was modified.

■ Forgiveness of arrearages is a retroactive modification of child support. The moving party must demonstrate (1) a change of circumstances justifying modification and (2) that the past failure to pay was not willful. *See* Minn.Stat. § 518.64, subd. 2 (1984); *Bledsoe v. Bledsoe*, 344 N.W.2d 892, 895 (Minn.Ct.App.1984). The trial court found that in the period when the arrearages accrued, Erlandson could afford to pay child support in accordance with the original decree; by implication, no change of circumstances justified retroactive modification. The trial court did not abuse its discretion in refusing to forgive the arrearages.

## II

Erlandson next argues that the trial court abused its discretion in increasing his child support obligation from $150 to $395 per month under the guidelines. The trial court ordered the increase in support based simply on the fact that Erlandson earned more than twice as much in 1985 than in 1977. The record contains no evidence of the mother's financial resources or the child's needs.

Minn.Stat. § 518.64 provides for modification of child support upon a showing of:
(1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased needs of a party; (3) receipt of assistance * * *; or (4) a change in the cost-of-living for either party * * *, *any of which makes the terms unreasonable and unfair.* On a motion for modification of support, the court shall take into consideration the needs of the children and the financial circumstances of each party's spouse, if any.

*Id.*, subd. 2 (emphasis added). The child support guidelines apply if modification is justified under the statute. *See Hadrava v. Hadrava*, 357 N.W.2d 376, 379 (Minn.Ct. App.1984).

Judith Severson submitted an affidavit in support of the motion to declare arrearages that summarized Erlandson's payments and arrearages under the decree. No affidavit was submitted, however, in support of the motion to increase his child support obligation. *See* Uniform R.P. Family Ct. Dissolution Matters 2.04 (all motions shall be accompanied by appropriate supporting affidavits).

■ The party moving for modification has the burden of proof. *Bledsoe v. Bledsoe*, 344 N.W.2d 892, 895 (Minn.Ct. App.1984). Although the record reflects a substantial increase in Erlandson's earnings, there is no evidence of the mother's financial resources or the child's needs and therefore no way of telling whether the change in his income renders the decree unreasonable or unfair. The record is insufficient to establish that modification was justified.[2]

■ Erlandson argues additionally that he received inadequate notice of the modification motion. The motion stated that an increase "pursuant to the Minnesota Child Support Guidelines" was requested. According to an affidavit of service in the file, it was mailed to Erlandson's attorney on May 6, 1985. Erlandson filed an affidavit in response to this issue. He clearly received actual notice.

## DECISION

Appellant failed to prove that the Indiana order modified his child support obligation under the Minnesota decree. The trial

---

2. If modification is justified, the trial court should compute Erlandson's net income under the guidelines formula (which does not allow business deductions) rather than using his net income for income tax purposes. The guidelines recommend use of standard federal and state income tax deductions taken from tax tables. *See* § 518.551, subd. 5.

court did not abuse its discretion in refusing to forgive arrearages.

The record is insufficient to establish that modification of appellant's child support obligation was justified. We remand for additional evidence of the mother's financial circumstances and the child's needs.

Affirmed and remanded.