**AMERICAN MUTUAL INSURANCE, COMPANY, Respondent,**

**v.**

**HONEYWELL, INC., Defendant and Third–Party Plaintiff, Appellant,**

**v.**

**DeLyle LAMMERS, et al., Third–Party Defendants.**

**No. C3–87–2333.**

Court of Appeals of Minnesota.

April 5, 1988.

Review Denied June 10, 1988.

Michael S. Kreidler, James D. Knudsen, Stich, Angell, Kreidler & Muth, P.A., Minneapolis, for American Mut. Ins. and De-Lyle Lammers.

Robert L. Collins, Diana Young Morrissey, Faegre & Benson, Minneapolis, for defendant and third-party plaintiff, appellant.

Michael S. Kreidler, Stich, Angell, Kreidler & Muth, P.A., Mpls., for third-party defendants.

Heard, considered and decided by PARKER, P.J., and FOLEY and MULALLY,* JJ.

## OPINION

### EDWARD D. MULALLY, Judge.

The trial court certified two questions for review on interlocutory appeal to this court. We answer the questions by stating that an insurance carrier's action against a third-party tortfeasor is commenced when the injured employee commences suit against the third party. The subrogation action may be maintained under the employee's name, and is unaffected by a settlement between the employee and the third party.

## FACTS

The questions certified by the trial court arose from a subrogation claim brought by an insurance carrier against the third-party tortfeasor. The insurance carrier (respondent) had been paying workers' compensation benefits to an employee who was injured when a gas valve manufactured by a third party (appellant) allegedly caused an explosion. On January 6, 1982, the employee commenced an action against appellant, which was settled in June 1984. Respondent was notified prior to and upon execution of the settlement. On November 24, 1986, respondent commenced the subrogation action against appellant to recover the workers' compensation benefits paid to employee. Appellant moved for summary judgment arguing the two year statute of limitations barred respondent's claim. The

district court denied the motion. On October 30, 1987, the trial court certified this matter for appeal, determining that the questions presented are important and doubtful.

## CERTIFIED QUESTIONS

1. Whether, following a *Naig* settlement and dismissal with prejudice of an action brought by an injured employee against a third party with full *Naig* notice of the subrogated workers' compensation carrier, that carrier's later asserted subrogation claim is subject to statutes of limitations, or whether it instead relates back to the commencement of the employee's action.

2. Whether, following a *Naig* settlement and dismissal with prejudice of an employee's third-party action, that dismissal can later be set aside to allow the compensation carrier to assert and pursue its subrogation claim in the name of the employee, and thereby avoid the bar of limitations.

## ANALYSIS

The parties agree that the questions presented involve issues of law. In reviewing such issues, this court is not bound by the district court's conclusions, *A.J. Chromy Construction Co. v. Commercial Mechanical Services, Inc.*, 260 N.W.2d 579, 582 (Minn.1977), but may independently determine the issues pursuant to applicable statutory and case law.

■ Appellant contends that respondent's subrogation claim is barred by Minn. Stat. § 541.051, subd. 1 (1986), which sets forth a two-year statute of limitations for claims arising out of defects in improvements to property resulting in injury. Respondent argues rather that its action against appellant was commenced at the time the employee instituted his action, and is a continuation of that action pursuant to Minn.Stat. § 176.061, subd. 5 (1986). It is undisputed that the employee's action was

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

timely commenced. We agree with respondent.

In *Liberty Mutual Insurance Co. v. Nutting Truck & Caster Co.,* 295 Minn. 211, 203 N.W.2d 542 (1973), the employee was injured while making a delivery within the scope of his employment. The employee was paid workers' compensation benefits and reimbursed for medical expenses by Liberty Mutual. The employee timely commenced an action against the third-party tortfeasor and his employer. Defendants moved to join Liberty Mutual as a party-plaintiff after the applicable statute of limitations period had run. Subsequently, Liberty Mutual served an amended complaint to recover medical and compensation benefits paid to the employee. The employee settled its personal claim against defendants. On the same day, the court dismissed Liberty Mutual's cause of action on the ground that it was barred by the six-year statute of limitations. Liberty Mutual's claim was reinstated, however, after Liberty Mutual commenced an action against the employee. Once its action was reinstated, Liberty Mutual dismissed its suit against the employee. The trial court limited Liberty Mutual's claim to the recovery of medical expenses, ruling that the claim for compensation benefits was barred by the statute of limitations. 295 Minn. at 213–214, 203 N.W.2d at 543–544. The Minnesota Supreme Court held, however, that Liberty Mutual's entire subrogation claim was included in the employee's original action. *Id.* at 214, 203 N.W.2d at 544.

The court explained its decision as follows:

[O]nce an employee elects to recover compensation benefits, his employer is subrogated to his rights against the third-party tortfeasor. The employee has the right to commence the action against the third-party tortfeasor, but when he does so, after receiving compensation benefits, he is suing not only on his own behalf but also on behalf of the subrogated employer and its workmen's compensation carrier. Thus, when [the employee], after receiving workmen's compensation benefits from his employer and Liberty Mutual, elected to commence an action against third parties alleged to have caused his injury, he was suing not only on his own behalf but on behalf of his employer and the subrogated workmen's compensation carrier. In the event that the case had been tried to a conclusion and [the employee] had recovered damages, to the extent he had proved up medical expenses and wage loss for which he was compensated by Liberty Mutual, he would have been receiving the damages recovered as a trustee on behalf of the subrogated workmen's compensation carrier. *Dockendorf v. Lakie,* 251 Minn. 143, 86 N.W. 2d 728 (1957).

*Liberty Mutual,* 295 Minn. at 215–216, 203 N.W.2d at 544.

Thus, although the employee's action was not tried to a conclusion, it was sufficient to institute respondent's claim. Additionally, we find that respondent's action was commenced at the time of the employee's action against appellant because respondent's action could be maintained in the employee's name. In *Liberty Mutual,* the court stated, "[b]y the terms of § 176.061, subd. 5, Liberty Mutual's entire cause of action was commenced timely by virtue of its incorporation in [the employee's] action, whether separately stated or not." 295 Minn. at 216, 203 N.W.2d at 545.

Minn.Stat. § 176.061, subd. 5 (1986) states in relevant part:

If the injured employee or the employee's dependents or any party on their behalf receives benefits from the employer or the special compensation fund or institutes proceedings to recover benefits or accepts from the employer or the special compensation fund any payment on account of the benefits, the employer or the special compensation fund is subrogated to the rights of the employee or the employee's dependents or has a right of indemnity against a third party. The employer or the attorney general on behalf of the special compensation fund may maintain a separate action or continue an action already instituted. This action may be maintained in the name of the employee or the names of the em-

ployee's dependents, or in the name of the employer, or in the name of the attorney general on behalf of the special compensation fund, against the other party for the recovery of damages.

The statute provides for the incorporation of respondent's claim in the employee's action.

In response to question number two, respondent argues that a *Naig* settlement does not defeat its action against appellant. In *Naig v. Bloomington Sanitation,* 258 N.W.2d 891 (Minn.1977), an injured employee commenced an action against a third-party tortfeasor. The employee settled his claim with the third party, encompassing everything but the subrogation interests of the compensation carrier. *Id.* at 892–93. The Minnesota Supreme Court held that the settlement did not affect the carrier's subrogation interests. *Id.* at 893 (citing *Lang v. William Brothers Boiler & Manufacturing Co.,* 250 Minn. 521, 531, 85 N.W.2d 412, 419 (1957)). The court in *Liberty Mutual* agreed, noting that the settlement does not affect the rights of the employer or workers' compensation carrier to continue its statutory subrogation action against a third-party tortfeasor. *Id.* 295 Minn. at 216, 203 N.W.2d at 545. The court in *Naig* also stated that notice of the settlement to the insurance carrier was required to enable him to intervene or appear to protect its interest. *Naig,* 258 N.W.2d at 894.

In this case respondent received notice of the settlement. The decision in *Naig* indicates that the respondent's claim is not barred by the settlement between the employee and appellant, or by the subsequent dismissal.

## DECISION

We answer the certified questions by stating that an insurance carrier's subrogation claim relates back to the commencement of the employee's suit against a third-party tortfeasor. The carrier's claim is not barred by the statute of limitations, or by a settlement and dismissal of the employee's claim against the third-party tortfeasor.

Questions answered.