**In re the Marriage of Bonita L. GIBSON, Petitioner, Respondent,**

v.

**Timothy J. BAXTER, Appellant.**

**No. C9–88–919.**

Court of Appeals of Minnesota.

Jan. 17, 1989.

Philip N. Scheide, Scheide, Smith & Lofstrom, P.A., Eagan, for petitioner, respondent.

Gregory J. Lange, Erickson, Casey, Erickson & Charpentier, Brainerd, for appellant.

Considered and decided by HUSPENI, P.J., and SCHUMACHER and STONE,* JJ., without oral argument.

OPINION

BRUCE C. STONE, Judge.

Respondent Bonita L. Gibson commenced a registered proceeding under the Revised Uniform Reciprocal Enforcement of Support Act (RURESA), seeking enforcement of the portion of the Nebraska judgment and decree that required her ex-husband, appellant Timothy J. Baxter, to pay child support. The trial court, applying Nebraska law, required Baxter to pay $26,600.32 in child support arrearages and interest. The trial court also ordered Baxter to continue to pay child support for the couple's youngest child until the child turns 19, Nebraska's age of majority.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn.Const. art. VI, § 2.

## FACTS

Timothy Baxter and Bonita Gibson were married in Minnesota in 1961 and divorced in Nebraska in 1973. Both parties now reside in Minnesota. The Nebraska judgment and decree required Baxter to pay $375 a month in child support "until said children become emancipated or self-supporting or until the further order of the court." Over the past thirteen years, Baxter has made only sporadic payments.

In 1975, Baxter sought reduction of his monthly child support award. A Colorado court reduced Baxter's monthly obligation from $375 to $175. In 1977, Baxter again persuaded the Colorado court to lower his monthly payments from $175 to $135. Finally, in 1979, Baxter's monthly obligation was reduced from $135 to $50 by a Minnesota court in Crow Wing County. Gibson was not a party to any of the reduction proceedings.

In 1986, Gibson initiated a RURESA proceeding in Crow Wing County. The trial court ordered Gibson to file the Nebraska judgment and decree pursuant to Minn. Stat. § 548.27 (1986). Applying Nebraska law and using the $375 monthly obligation as a base, the trial court calculated the net amount of arrearages and added interest at a rate of 9% from October 28, 1976, through August 30, 1981, and 14% from August 31, 1981, until October 28, 1986, pursuant to Neb.Rev.Stat. §§ 42–358.02(1), 45–104.01 (1986). The trial court then ordered Baxter to pay $26,600.32 in arrearages and interest.

The trial court also ordered Baxter to pay $375 a month in child support for the couple's son. Again, the court applied Nebraska law, which provides that the age of majority is 19, rather than 18 as provided by Minnesota law. On appeal, Baxter argues the trial court erred in refusing to apply Minnesota law in enforcing a foreign support order.

## ISSUE

Did the trial court err in applying Nebraska law to determine appellant's amount of child support arrearages and the duration of his ongoing support obligation?

## ANALYSIS

In deciding issues of law, the appellate court is not bound by the trial court's conclusions and may determine the issues independently. *A.J. Chromy Construction Co. v. Commercial Mechanical Services, Inc.*, 260 N.W.2d 579, 582 (Minn.1977); *American Mutual Insurance Co. v. Honeywell, Inc.*, 422 N.W.2d 274, 275 (Minn.Ct.App.1988), *pet. for rev. denied* (Minn. June 10, 1988). The parties dispute only whether the trial court correctly applied Nebraska law instead of Minnesota law. As a result, we may determine independently the question of which law the trial court should have applied.

The RURESA provides a mechanism for enforcing child support orders. There are two types of proceedings under RURESA, "ordinary" or "standard" actions and "registered" actions. *See State ex rel. McDonnell v. McCutcheon*, 337 N.W.2d 645, 648 (Minn.1983). The petitioner in a standard RURESA action seeks ongoing support. The court must determine the respondent's duty of support according to the law of the responding state without regard for foreign orders or judgments. *Id.* On the other hand, a registered proceeding under RURESA occurs when an obligee seeks to have a foreign support order enforced. *Id.* at 650. An obligee who seeks enforcement of a foreign support order without first reducing it to a judgment "should" register the order pursuant to Minn.Stat. §§ 518C.22–.25 (1986). *Id.* at 650. A court of this state may then enforce the foreign order. *Id.* at 651.

This action is a registered proceeding under RURESA despite the trial court's order to register the judgment under Minn. Stat. § 548.27 (1986) instead of Minn.Stat. § 518C.25. The procedures for and the effect of registering a foreign judgment under RURESA and the Uniform Enforcement of Foreign Judgments Act (UEFJA), Minn.Stat. §§ 548.26–.33 (1986), are very similar. Therefore, after filing the Nebraska judgment and decree, Gibson was entitled to its enforcement.

The Full Faith and Credit Clause of the United States Constitution provides:

Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state. And the Congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof.

U.S. CONST. art. IV, § 1. "[U]nmodified provisions in a foreign judgment requiring the payment of alimony and child support are final as to installments which have accrued and are entitled to full faith and credit in this state." *Matson v. Matson,* 310 N.W.2d 502, 505 (Minn.1981) (*Matson I*). Although Minnesota law may not provide for a similar calculation of child support arrearages or duration, in a registered proceeding under RURESA, full faith and credit requires that we apply foreign law to determine the amount of child support arrearages and the duration of child support. *See Matson v. Matson,* 333 N.W.2d 862, 866 (Minn.1983) (*Matson II*).

In determining Baxter's amount of arrearages, the trial court added the installments accrued under the Nebraska judgment and decree, subtracted the amount paid, and added interest pursuant to Nebraska law. The trial court also applied Nebraska law to determine the length of Baxter's child support obligation. We believe the trial court was correct in applying Nebraska law to reach its conclusions.

Baxter argues that section 518C.25 requires Minnesota courts to treat foreign support orders as if they were issued by a Minnesota court. Gibson, on the other hand, argues that in a registered proceeding under RURESA, Minnesota courts must apply foreign law because Minnesota law applies only when a party seeks to vacate or stay a foreign support order.

Minn.Stat. § 518C.25, subd. 1 (1986), provides:

Upon registration, the registered foreign support order shall be treated in the same manner as a support order issued by a court of this state. It has the same effect and is subject to the same procedures, defenses, and proceedings for re-

opening, vacating, or staying as a support order of this state and may be enforced and satisfied in like manner.

Minn.Stat. § 548.27 provides, in pertinent part:

A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a district court or the supreme court of this state, and may be enforced or satisfied in any manner.

The plain language of sections 518C.25 and 548.27 provides that a foreign judgment filed or registered in this state is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a Minnesota judgment. Sections 518C.25 and 548.27 do not, however, require Minnesota courts to apply Minnesota substantive law in enforcing a foreign judgment.

Here, there was a foreign judgment for child support and Gibson is entitled to its enforcement. RURESA provides a mechanism for enforcement of that judgment. Baxter has already had his support obligation lowered on three occasion in three different courts. As is obvious from its title, RURESA was designed to discourage or eliminate this type of forum shopping. We believe the trial court correctly calculated Baxter's amount of child support arrearages and the duration of his support obligation. There is no basis for reversal.

## DECISION

The trial court did not err in applying Nebraska law to determine the amount of appellant's child support arrearages and the duration of his child support obligation.

AFFIRMED.

HUSPENI, Presiding Judge (concurring in part, dissenting in part)

I agree with the majority's affirmance of the trial court's computation of support arrearages based on the unmodified Nebraska decree which set appellant's support obligation at $375 per month. It is clear from the record that the three subsequent

"modifications" obtained by appellant were not modifications at all, but were orders issued in URESA actions initiated by appellant. The orders were ancillary to the judgment and decree and had no effect upon the arrearages accruing under the Nebraska decree. *See State of Minnesota ex rel. County of Hennepin v. Erlandson,* 380 N.W.2d 578, 580 (Minn.Ct.App.1986).

I also agree with the trial court's determination that arrearages accruing more than ten years prior to motion for judgment should not be considered. *Dent v. Casaga,* 296 Minn. 292, 297, 208 N.W.2d 734, 737 (1973).

I respectfully dissent, however, from the trial court's application of Nebraska law to respondent's action for arrears and enforcement of the Nebraska decree. I can discern no support in either Minn.Stat. § 518C.22–.25 (1986) or Minn.Stat. § 548.27 (1986) for the trial court's decision to include interest on the judgment pursuant to Nebraska law. Inclusion of interest would have been proper had respondent reduced the arrears to judgment in Nebraska and then registered that judgment in Minnesota pursuant to Minn.Stat. § 548.27 and sought its enforcement here. Inclusion of interest in the Minnesota judgment for arrears based on the registered Nebraska decree and Nebraska law was, I believe, inappropriate.

Further, I believe respondent's reliance on *Matson I* and *II* is misplaced. In *Matson I,* a URESA action, the obligee obtained a Wisconsin money judgment for arrears under a Wisconsin decree and sought its enforcement after registering that foreign judgment in Minnesota pursuant to the Uniform Enforcement of Foreign Judgments Act (UEFJA) Minn.Stat. §§ 548.26–548.33 (1986).

In *Matson I,* the supreme court found that:

> states are obliged by [the Full Faith and Credit Clause of the United States Constitution] to give full faith and credit to a judgment of a sister state if that judgment is *definite and certain and for a specific amount.*

*Matson v. Matson,* 310 N.W.2d 502, 505 (Minn.1981). The court in *Matson I* then found that because the Wisconsin judgment was for a specific amount, full faith and credit required Minnesota courts to enforce it. *Id.*

By contrast, respondent in this matter registered the Nebraska decree, not an actual judgment. She sought to collect the amount of arrearages and interest to which she would have been entitled in a Nebraska court. This distinction, I submit, was important to the *Matson II* court which noted:

> [T]he Full Faith and Credit Clause requires that courts of this state recognize and enforce judgments of other states even though they could not be obtained under Minnesota law. *See Morris v. Jones,* 329 U.S. 545, 551, 67 S.Ct. 451, 455, 91 L.Ed. 488 (1946). In *Matson,* 310 N.W.2d at 505, this court found that *the 1980 money judgment constituted a final foreign judgment and appellant filed the 1980 money judgment, not the 1961 divorce decree,* for enforcement in Minnesota. Moreover, in *Matson,* 310 N.W.2d at 505, this court determined that the 1980 Wisconsin judgment constitutes a foreign judgment within the meaning of Minn.Stat. § 548.26 (1982) * * *

*Matson v. Matson,* 333 N.W.2d 862, 866 (Minn.1983) (emphasis added).

Finally, although respondent may be assured of continuing support until a child reaches twenty if the child is in secondary school (see Minn.Stat. § 518.54, subd. 2 (1986)), I submit the trial court here erred in applying Nebraska law to continue support until the child reached nineteen. On this issue, too, I believe Minnesota law must be applied.